**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Paul Blackmer</u>

    v.                                       Civil No. 10-cv-124-SM

<u>United States
Department of Justice</u>

**REPORT AND RECOMMENDATION**

    Before the Court is pro se plaintiff Paul Blackmer's Petition for Writ of Mandamus (document no. 1), pursuant to 28 U.S.C. § 1361.  Blackmer has asked this court to compel defendant, United States Justice Department, to disclose whether Drug Enforcement Administration ("DEA") Agent Michael Scott Connolly and Prosecutor Brian R. Graf, provided false evidence or made false statements in connection with Blackmer's state criminal convictions.  Because Blackmer is a prisoner, the matter is before me for preliminary review to determine if the petition states any claim upon which relief might be granted, or if this court has jurisdiction over the case.  <u>See</u> 28 U.S.C. § 1915A; United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(2).

    Also pending is Blackmer's motion (doc. no. 3), seeking leave to append to his mandamus petition (doc. no. 1) the complete record for an earlier case asserting similar claims against the New Hampshire Attorney General, <u>Blackmer v. N.H. Atty. General</u>, No. 03-cv-151-JD ("<u>§ 1651 Petition</u>").  In an Order

this date, I have denied that motion as moot without prejudice to refiling if this Report and Recommendation is not accepted.

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se, the magistrate judge conducts a preliminary review. In conducting a preliminary review, the court construes all of the factual assertions in pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Blackmer was convicted on felony drug charges in Superior Court in Belknap County, New Hampshire, in 1997 and 1999. Blackmer is currently imprisoned on those charges. The background, summarized below, is derived from earlier decisions of this court. See Blackmer v. Warden of N.H. State Prison, No. 03-cv-275-PB, 2004 DNH 180, 2004 U.S. Dist. LEXIS 24824 (D.N.H. Dec. 9, 2004) (hereinafter "Habeas I") (background facts derived from sources including State v. Blackmer, 149 N.H. 47, 816 A.2d 1014 (2003)); see also Blackmer v. Warden of N.N.H. Corr. Fac.,

No. 05-cv-340-PB, 2008 DNH 17, 2008 WL 227267 (D.N.H. Jan. 28, 2008) (hereinafter "Habeas II").  Those facts have been supplemented as appropriate with pertinent facts alleged in the mandamus petition (doc. no. 1).

The police arrested Blackmer in April 1994 after he retrieved packages of marijuana from a United Parcel Service ("UPS") office.  A grand jury, hearing the testimony of witnesses including DEA Agent Connolly, indicted Blackmer in June 1994 on charges relating to the UPS incident.  Agent Connolly's testimony was also used by the State in connection with Blackmer's April 1994 arrest.  Superseding indictments returned in October 1994 were nol prossed.  In May 1996, another grand jury indicted Blackmer on charges relating to the 1994 UPS incident.  Assistant Attorney General Brian R. Graf served as prosecutor for the State in the proceedings.  A jury convicted Blackmer on the charges in December 1997, and he received a sentence of imprisonment.  Blackmer's appeal of that conviction was dismissed by the New Hampshire Supreme Court for failure to file a brief, and his subsequent petitions filed in the state and federal courts for post-conviction relief have been unsuccessful.  See generally Habeas I, 2004 U.S. Dist. LEXIS 24824, at *3-*9 & *18 (reciting procedural history and denying petition for federal habeas relief as to 1997 convictions).

4

The 1999 conviction on a charge of conspiracy to possess marijuana with intent to sell arose out of evidence that Blackmer planned to acquire and sell drugs from a Mexican source in December 1995 and January 1996. Blackmer was arrested in California at that time, and a New Hampshire grand jury indicted Blackmer on that charge in May 1996. Blackmer was convicted of that charge and sentenced to prison. The New Hampshire Supreme Court affirmed that conviction. See State v. Blackmer, 149 N.H. at 51, 816 A.2d at 1018.

Blackmer has filed a number of cases in this court to challenge the 1997 and 1999 convictions, including two petitions for federal habeas relief under 28 U.S.C. § 2254, and a petition for an alternative writ, under 28 U.S.C. § 1651, seeking to compel the state to disclose certain allegedly exculpatory materials. See, e.g., Habeas I, 2004 U.S. Dist. LEXIS 24824, at *17 (§ 2254 petition, relating to 1997 convictions, dismissed as time-barred); see also Habeas II, 2008 WL 227267, at *8 (§ 2254 petition, relating to 1999 conviction, denied); § 1651 Petition, No. 03-cv-151-JD (D.N.H. Jan. 7, 2004) (doc. no. 16) (§ 1651 petition dismissed). A persistent theme in each of Blackmer's federal cases has been the "Brady Material" issue:

> [A]t the heart of each of [Blackmer's] post-conviction pleadings, is his firm belief that his June 1994 indictment, and his subsequent conviction, resulted solely from what he claims was the perjured grand jury

> testimony of DEA Special Agent Michael Scott Connolly.
> . . . [Blackmer] remains resolute in his view that the
> State is required, under Brady v. Maryland, 373 U.S. 83
> (1963), to disclose whether Connolly committed perjury
> before the grand jury. Blackmer also argues that in
> refusing to disclose the answer to this question, the
> State committed prosecutorial misconduct by suppressing
> potentially exculpatory evidence, thereby resulting in
> a malicious prosecution and a wrongful conviction. In
> effect, Blackmer maintains that he was unable to mount
> an adequate defense at trial and has been unable to
> appropriately appeal his conviction without a response
> from the State to his claim that Connolly committed
> perjury.

Habeas I, 2004 U.S. Dist. 24824, at *4-*5 (internal parallel citations and citations to record omitted). See also Habeas II, 2008 WL 227267, at *5-*7 (state supreme court's determination that DEA Agent Connolly's testimony was "irrelevant" to 1999 conviction was neither unreasonable nor contrary to federal law).

Blackmer maintains in the instant petition (doc. no. 1) and in the addenda, that Connolly perjured himself before the grand jury and in connection with Blackmer's April 1994 arrest, and that Attorney Graf lied to the state court, specifically in arguing a motion to reconsider an earlier court ruling regarding Blackmer's standing to challenge a search. Blackmer asserts that Connolly's perjury and Graf's statements, compounded by the State's failure to disclose all Brady materials in a timely and complete manner, were criminal acts that caused Blackmer to suffer convictions in violation of his federal constitutional rights. Blackmer's petition seeks relief in the nature of a writ

of mandamus, under 28 U.S.C. § 1361, compelling the United States Justice Department to disclose whether Connolly and Graf made false statements in Blackmer's criminal proceedings.[1]

### **Discussion**

The Mandamus and Venue Act, codified at 28 U.S.C. § 1361, provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  An action seeking to compel such a performance of a duty is called a complaint in the nature of mandamus.

The writ of mandamus is an extraordinary remedy to be invoked in exceptional circumstances only.  See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 US. 394, 402 (1976).  The test for mandamus jurisdiction under section 1651 is whether mandamus is an appropriate means of relief.  See Health v. Asst. U.S. Atty., 211 Fed. Appx. 905, 906 (11th Cir. 2006) (citation omitted).  "There can be no mandamus action if no 'duty' exists on the part of the defendants."  Davis Assocs., Inc. v. Sec'y, Dep't of HUD, 498 F.2d 385, 388 (1st Cir. 1974).  "Only when the

---

[1] The claims, identified herein, will be considered to be the claims raised in the complaint for all purposes.  If Blackmer objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation or by properly moving to amend his complaint.

duty is clear and unmistakable is the extraordinary remedy of mandamus appropriate." Falzarano v. United States, 607 F.2d 506, 513 (1st Cir. 1979). Accord In re City of Fall River, 470 F.3d 30, 32 (1st Cir. 2006).

Here, no duty enforceable through mandamus against the United States Justice Department exists as to Graf's or Connolly's statements. Blackmer asserts that Graf served as a Special Assistant United States Attorney, a factual allegation that I must presume true, to the extent that other facts alleged or susceptible of judicial notice do not belie it. The petition before me (doc. no. 1) indicates, however, that Graf appeared in Blackmer's case not as a federal agent, but as a state prosecutor. Blackmer points to no authority imposing a duty upon the Justice Department relating to the alleged misconduct of a state prosecutor in a state criminal proceeding, and I find that no such duty exists.

As to DEA Agent Connolly, a Justice Department employee or agent, Blackmer directs me to no law requiring the Justice Department to investigate and disclose a finding on a claim of perjury. In general, the government's authority to investigate charges asserted against federal agents is discretionary, not mandatory. See 28 U.S.C. § 535 (Attorney General "may" investigate federal crimes involving federal officers and

employees). No duty enforceable through mandamus has been found to lie against the Attorney General to investigate charges that an Assistant United States Attorney and DEA agents engaged in criminal conduct during the prosecution of a criminal case. See Agunbiade v. United States, 893 F. Supp. 160, 163 (E.D.N.Y. 1995). Similarly, no duty exists as to the challenged testimony in Blackmer's criminal proceedings.

Furthermore, the rules developed under Brady and its progeny, cited by Blackmer, do not impose a duty upon the United States Justice Department enforceable through mandamus. Those cases require the "prosecutor," the state in Blackmer's proceedings, to disclose to the accused in advance of trial favorable, exculpatory evidence and impeachment evidence in its possession. See, e.g., Brady, 373 U.S. at 87; United States v. Bagley, 473 U.S. 667, 682 (1985). Those cases do not require the United States Justice Department, never the prosecutor in the pertinent proceedings, to make an investigation and provide the disclosures requested in the mandamus petition here.

Blackmer's citation to sections of the United States Criminal Code and to the New Hampshire statute defining the crime of perjury in official proceedings, N.H. Rev. Stat. Ann. § 641:1, is similarly inapposite for the purposes of establishing mandamus jurisdiction. The cited federal statutes make aiders and

abettors punishable as principals, criminalize the knowing concealment of a felony, and define a species of perjury. See 18 U.S.C. § 2 (aiders and abettors liable as principals); id. § 4 (misprision of felony); id. § 1623 (perjury). Those state and federal laws do not impose a duty on the Justice Department to investigate a claim of perjury and disclose whether its agent lied in connection with a state criminal case. Because the Justice Department does not have a clear and unmistakable duty to investigate Blackmer's claims and make the disclosures that he seeks, the relief requested is unavailable through mandamus.

## Conclusion

For the foregoing reasons, Blackmer's mandamus petition (doc. no. 1) should be dismissed.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                              _____
                              Landya B. McCafferty
                              United States Magistrate Judge
```

Date: July 7, 2010

cc: Paul Blackmer, pro se

LBM:nmd