**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Paul Blackmer</u>

    v.                            Civil No. 10-cv-124-SM

<u>United States
Department of Justice</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court for preliminary review, pursuant to 28 U.S.C. § 1915A and United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(2), are the new claims asserted against defendants Drug Enforcement Administration ("DEA") Agent Michael Scott Connolly and Prosecutor Brian Graf, by pro se plaintiff Paul Blackmer in his motion to amend (doc. no. 8) his underlying petition for writ of mandamus. For reasons set forth more fully below, the new claims should be dismissed.

<u>Background</u>

Blackmer is a state prisoner serving sentences on drug trafficking convictions following jury trials in 1997 and 1999. Blackmer has maintained that those convictions were the result of malicious prosecutions. Blackmer has filed a number of state and federal court cases challenging those convictions, but his efforts have been unsuccessful. No court has ruled that Blackmer's convictions or sentences are invalid.

Blackmer's petition for writ of mandamus (doc. no. 1) seeks to compel the Justice Department to disclose whether Connolly

perjured himself, and whether Graf engaged in criminal misconduct, in the course of the state court proceedings that resulted in Blackmer's 1997 and 1999 convictions. Pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(2), I screened the petition, determined that the Justice Department had no duty to perform the act, and recommended dismissal of the mandamus petition. See Report and Recommendation (July 7, 2010) (doc. no. 5). The Court has not ruled on whether to accept or reject that recommendation.

Blackmer filed his motion to amend the petition thereafter. That motion proposes adding civil rights claims against Connolly and Graf to the mandamus petition. I granted that motion (doc. no. 8) in an Order issued this date, thereby permitting joinder of the defendants and claims. That Order does not alter my recommendation that the Court dismiss all claims for mandamus relief asserted against the United States Justice Department in the petition (doc. no. 1).

Blackmer's new claims, set forth in the body of the motion (doc. no. 8), are based on 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Blackmer asserts that Connolly and Graf are liable for criminal misconduct during the state court proceedings, and that those proceedings constituted malicious prosecutions, in violation of Blackmer's federal constitutional rights to a fair trial. Specifically, Blackmer

alleges that Connolly perjured himself, that Graf lied in court, and that Graf did not disclose Connolly's perjury, as Blackmer believes was required under Brady v. Maryland, 373 U.S. 83 (1963).[1]  The claims asserted against Connolly and Graf are before me for preliminary review, to determine if they may be served, or if they should be dismissed.  See 28 U.S.C. § 1915A; LR 4.3(d)(2).

## Standard of Review

In conducting a preliminary review, the court construes all of the factual assertions in pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se

---

[1] The claims, identified herein, will be considered to be the new claims raised in the motion to amend (doc. no. 8) for all purposes.  If Blackmer objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation.

pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Discussion

"[A] state prisoner's § 1983 action is barred (absent prior invalidation [of the conviction or sentence]) -- no matter the

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- <u>if</u> success in that action would necessarily demonstrate the invalidity of confinement or its duration."  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005).  The rule described in <u>Wilkinson</u>, requiring dismissal of certain § 1983 actions for damages or equitable relief, brought prior to invalidation of a conviction or sentence by court order or executive action, is known as the <u>Heck</u> rule.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).  The <u>Heck</u> rule applies equally to § 1983 claims and <u>Bivens</u> claims.  <u>See</u> <u>Williams v. Hill</u>, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (<u>Heck</u> rule applies to <u>Bivens</u> damages claims); <u>cf.</u> <u>Swan v. Barbadoro</u>, 520 F.3d 24, 25 (1st Cir. 2008) ("<u>Heck</u>'s bar cannot be circumvented by substituting a supposed RICO action for the earlier <u>Bivens</u> claims ineffectually designed for the same purpose.").

The claims against Graf and Connolly here, asserting that the state proceedings were malicious prosecutions, and that Blackmer suffered a violation of his right to a fair trial in those proceedings, fall squarely within the exclusive province of habeas corpus.  Accordingly, Blackmer's claims against Graf and Connolly must be dismissed, as a judgment in his favor would necessarily state or imply that his convictions or sentences are invalid.  <u>See</u> <u>Heck</u>, 512 U.S. at 486-87.

## Conclusion

For the foregoing reasons, the claims asserted in Blackmer's motion to amend (doc. no. 8) should be dismissed.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                             _____
                                             Landya B. McCafferty
                                             United States Magistrate Judge

Date: July 29, 2010

cc:   Paul Blackmer, pro se

LBM:nmd